No. 23-1857
_____

# In the United States Court of Appeals for the Sixth Circuit

_____

TANIKA PARKER, INDIVIDUALLY AND ON BEHALF OF THE DRIV 401(K) RETIREMENT SAVINGS PLAN, AND ALL OTHERS SIMILARLY SITUATED; ANDREW FARRIER, INDIVIDUALLY AND ON BEHALF OF THE DRIV 401(K) RETIREMENT SAVINGS PLAN, AND ALL OTHERS SIMILARLY SITUATED,

*Plaintiffs-Appellees,*

v.

TENNECO, INC.; DRIV AUTOMOTIVE, INC.; TENNECO AUTOMOTIVE OPERATING COMPANY, INC.; TENNECO BENEFITS COMMITTEE; FEDERAL-MOGUL CORPORATION; FEDERAL-MOGUL, LLC; FEDERAL-MOGUL POWERTRAIN, LLC; TENNECO BENEFITS & PENSION INVESTMENT COMMITTEE,

*Defendants-Appellants.*

_____

On Appeal from the United States District Court
for the Eastern District of Michigan
_____

### SUPPLEMENTAL BRIEF OF DEFENDANTS-APPELLANTS
_____

Todd D. Wozniak (counsel of record)
**HOLLAND & KNIGHT LLP**
1180 West Peachtree Street NW, Suite 1800
Atlanta, GA 30309
404-817-8431
todd.wozniak@hklaw.com

Lindsey R. Camp
**HOLLAND & KNIGHT LLP**
777 S. Flagler Dr.
West Tower, Suite 1900
West Palm Beach, FL 33401
404-817-8439
lindsey.camp@hklaw.com

*Counsel for Defendants-Appellants Tenneco Inc., DRiV Automotive Inc., Tenneco Automotive Operating Company Inc., Tenneco Benefits Committee, Federal-Mogul Corporation, Federal-Mogul LLC, Federal-Mogul Powertrain LLC, Tenneco & Pension Investment Committee*

### TABLE OF CONTENTS

Introduction ................................................................................................1

I.    The Facts Of *Cedeno* Are Materially Different Than Those At Issue Here
      ........................................................................................................2

   A.    The Injuries And Relief Sought Here And In *Cedeno* Are Materially
         Different ................................................................................3

   B.    The Class Action Waiver In *Cedeno* Is Materially Distinguishable
         From The Class Action Waiver At Issue Here ...........................4

II.   As Explained By The Dissent, The Majority's Reasoning In *Cedeno* Is
      Misguided ..................................................................................6

Certificate of Compliance .........................................................................12

Certificate of Service ................................................................................13

<u>T</u>ABLE OF <u>A</u>UTHORITIES

Page(s)

**Cases**

*Cedeno v. Sasson*,
    No. 21-2891-CV, 2024 WL 1895053 (2d Cir. May 1, 2024).....................*passim*

*Harrison v. Envision Mgmt. Holding, Inc. Bd. of Dir*.,
    59 F.4th 1090 (10th Cir. 2023), *cert. denied sub nom*., 2023 WL
    6558426 (U.S. Oct. 10, 2023)...........................................................................2, 6

*Henry v. Wilmington Tr. NA*,
    72 F.4th 499 (3d Cir. 2023), *cert. denied sub nom*, 2023 WL
    6797729 (U.S. Oct. 16, 2023)......................................................................2, 5, 6

*LaRue v. DeWolff, Boberg & Assocs., Inc.*,
    552 U.S. 248 (2008).................................................................................1, 6, 7, 8

*Mass. Mut. Life Ins. Co. v. Russell*,
    473 U.S. 134 (1985)....................................................................................1, 7, 8

*Smith v. Bd. of Dir. of Triad Mfg., Inc*.,
    13 F.4th 613 (7th Cir. 2021) .............................................................................2, 6

*Thole v. U.S. Bank*.
    590 U.S. 538, 543 (2020)...................................................................................6, 7

**Statutes**

29 U.S.C. §§ 1109 ....................................................................................................6

29 U.S.C. § 1132, *et seq*...........................................................................................6

ERISA § 409, *et seq*.........................................................................................*passim*

ERISA §§ 502, *et seq*.......................................................................................*passim*

## **INTRODUCTION**

Defendants-Appellants respectfully submit this Supplemental Brief addressing *Cedeno v. Sasson*, No. 21-2891-CV, 2024 WL 1895053 (2d Cir. May 1, 2024), pursuant to the Court's May 3, 2024 directive (ECF No. 52).

On May 1, 2024, the United States Court of Appeals for the Second Circuit, in a two-to-one decision, affirmed the district court's denial of a motion to compel individual arbitration of a proposed class action pursuant to a mandatory arbitration provision containing a class action waiver in an ERISA benefit plan. *Cedeno*, 2024 WL 1895053, at *1. Applying the judge-made "effective vindication" doctrine (which has never been applied by the Supreme Court or this Court to invalidate a class action waiver contained in an arbitration provision), the Second Circuit held that the class action waiver was invalid because it improperly required "prospective waivers of participants' substantive statutory rights and remedies under ERISA." *Id.*

Relying primarily on its reading of *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985), and *LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248 (2008), the majority explained that the class action waiver is unenforceable because it prevents "claimants like Cedeno from pursuing the substantive statutory remedies available to them under Sections 409(a) and 502(a)(2) of ERISA, leaving them without effective avenues for vindicating their substantive rights under Section 409(a)." 2024 WL 1895053, at *10.

1

The majority noted that its opinion "is bolstered by three decisions from our sister circuits in closely analogous cases." *Id.* at *15. The plans at issue in those three decisions, *Henry v. Wilmington Tr. NA*, 72 F.4th 499 (3d Cir. 2023), *cert. denied sub nom,*, 2023 WL 6797729 (U.S. Oct. 16, 2023), *Smith v. Bd. of Dir. of Triad Mfg., Inc.*, 13 F.4th 613 (7th Cir. 2021), and *Harrison v. Envision Mgmt. Holding, Inc. Bd. of Dir.*, 59 F.4th 1090 (10th Cir. 2023), *cert. denied sub nom.*, 2023 WL 6558426 (U.S. Oct. 10, 2023), each involved arbitration provisions containing class action waivers that are nearly identical to the one at issue in *Cedeno.* And, importantly, the circuit court in each case determined that the class action waiver prevented the participant from obtaining all of the requested *injunctive and/or equitable relief*. 2024 WL 1895053 at *15-16.

For the reasons discussed below, the majority's decision in *Cedeno* is neither controlling nor persuasive in this case because (1) the facts, including the terms of the class action waiver contained in the arbitration provision at issue in *Cedeno*, are materially different from the facts of this case; and (2) the reasoning by the majority is misguided as explained by Judge Stephen Menashi in his dissent.

## I.    The Facts Of *Cedeno* Are Materially Different Than Those At Issue Here

The *Cedeno* decision is inapplicable because the facts are materially different from those at issue here in that: (1) the injuries and relief sought are different; and (2) the class action waivers are different.

**A.      The Injuries And Relief Sought Here And In *Cedeno* Are Materially Different**

In *Cedeno*, the plaintiff's primary allegation was that the trustee of the employee stock ownership plan ("ESOP") breached its fiduciary duties by causing the ESOP to pay too much for the company stock it acquired.  2024 WL 1895053, at *1.  The Complaint sought various forms of relief for this alleged single injury to the ESOP, including restoration of Plan-wide losses, surcharge, accounting, constructive trust on wrongly held funds, disgorgement of profits, and other equitable relief.  *Id*.

Unlike *Cedeno*, the two Plaintiffs-participants here do not allege a single injury to the Plan.  Instead, they allege a series of injuries to participants' individual plan accounts associated with various investment options offered by the 401(k) Plan over a six-year period.  *See* Am. Compl., RE 2, PageID #101.  The two Plaintiffs-participants purport to represent nearly 20,000 participants who may or may not have invested in some of the dozens of challenged investments and who may or may not have been injured by their individual plan account investments in one of more of the challenged investments (depending on when they invested, what their return was on the particular investment, and what fees were charged during the period of the investment).  *Id.*

Moreover, and unlike *Cedeno* (and the decisions from the Third, Seventh, and Tenth Circuits), there is no allegation here that the Class Action Waiver precludes

3

Plaintiffs from seeking any equitable or injunctive relief on behalf of the Plan. Instead, Plaintiffs are simply claiming that the Class Action Waiver precludes them from recovering **monetary relief** on behalf of absent Plan participants and their individual Plan accounts. No Circuit Court of Appeals, including the Second Circuit in *Cedeno*, has ever held that a plan participant has an unwaivable statutory right (or stated differently**, a mandatory obligation**) to pursue monetary relief on behalf of absent plan participants and their individual plan accounts.

### B.    The Class Action Waiver In *Cedeno* Is Materially Distinguishable From The Class Action Waiver At Issue Here

The class action waiver contained in the ESOP arbitration provision at issue in *Cedeno* provided that:

> (f) All Covered Claims must be brought solely in the Claimant's individual capacity and not in a representative capacity or on a class, collective, or group basis. Each arbitration shall be limited solely to one Claimant's Covered Claims and that Claimant may not seek or receive any remedy that has the purpose or effect of providing additional benefits or monetary **_or other relief_** to any Employee, Participant or Beneficiary other than the Claimant.

*Id.* at *3 (emphasis added). The limitation on "other relief" does not exist in the provision at issue in this case:

4

> Each arbitration shall be limited solely to one Claimant's Covered Claims and that Claimant may not seek or receive any remedy which has the purpose or effect of providing additional benefits or monetary relief (whether such monetary relief is described as legal damages or equitable relief) to any Employee, Participant or Designated Beneficiary other than the Claimant.

Decl. of Z. Lou at Ex. 1, RE 9-1, PageID # 135, § 13.13(b).

The differences between the Class Action Waivers do not end there. While both Plans specifically describe the remedies available to a participant who brings a claim under ERISA § 502(a)(2) to seek relief under ERISA § 409, the Class Action Waiver at issue in this case expressly provides that: "***[n]otwithstanding the foregoing, nothing in this provision shall be construed to preclude a Claimant from seeking injunctive relief, including, for example, seeking an injunction to remove or replace a Plan fiduciary***." *Id.* (emphasis added). The class action waiver at issue in *Cedeno* does not contain such clarifying language.

Because the nature of the injuries differs, the relief available under the *Cedeno* arbitration provision is more limited than available under the Tenneco 401(k) Plan arbitration provision, and the relief sought in *Cedeno* is broader in scope than the relief sought here, *Cedeno* is materially distinguishable from this case and inapplicable. [1]

---

[1] The same is true with respect to the decisions issued by the Third, Seventh, and Tenth Circuits that the majority relied on to "bolster" its decision. *See, e.g.*, *Henry*, 72 F.4th at 507 (applying the effective vindication doctrine to find the plan's class action waiver was invalid because it "prohibit[ed] participants from …

## II.    As Explained By The Dissent, The Majority's Reasoning In *Cedeno* Is Misguided

Setting aside the material differences between the facts in *Cedeno* and the facts here, the majority's reasoning in *Cedeno* should be rejected for the reasons outlined in the dissent.  As explained by the dissent, the majority in *Cedeno* fundamentally misapplied the Supreme Court's holdings in *LaRue* and *Thole v. U.S. Bank*.  *See Cedeno*, 2024 WL1895053 at *20 (Menashi, J., dissenting).

In *LaRue,* the Supreme Court made clear that a participant in a defined contribution plan – like the Plans at issue here and in *Cedeno* – can pursue a claim under ERISA § 502(a)(2) seeking to recover only the plan losses attributable to the participant's individual plan account.  552 U.S. at 256.  In *Thole*, the Supreme Court held that a plan participant who sues under Section 502(a)(2) must establish his own concrete "injury in fact."   590 U.S. 538, 543 (2020); *see also id.* at 543-44 (explaining that participants have not "been legally or contractually appointed to represent the plan" and cannot "assert standing as representatives of the plan itself").

---

'seek[ing] or receive[ing] any remedy which has the purpose or effect of providing additional benefits or monetary or other relief' to any third party") (emphasis added); *Smith*, 13 F.4th at 622 (holding that the plan's arbitration provision is unenforceable because it interfered with the participants' right to seek injunctive relief, including an injunction removing the fiduciaries); *Harrison*, 59 F.4th at 1109 (finding a plan's arbitration provision and class action waiver was invalid because it "directly conflicts with the statutory remedies available under 29 U.S.C. §§ 1109 and 1132(a)(2), (a)(3)" by precluding, among other things, a participant from obtaining injunctive relief, including removal and replacement of the plan's trustee).

Considered together, and as explained in both the dissent and Defendants' opening brief, "*LaRue* and *Thole* make clear that an ERISA plaintiff sues in his own individual capacity to recover for his own injuries" to his own individual plan account. *Cedeno*, 2024 WL 1895053 at *21.  A participant is not pursuing an ERISA § 502(a) suit in a representational capacity on behalf of a principal (*i.e.*, a plan) because ERISA § 502(a) does not provide the plan (as opposed to the DOL, fiduciaries, participants, and beneficiaries) with a right to sue for violations of ERISA § 502(a).[2] *Id.* at *20-21.  This is the enforcement scheme set up by Congress. As instructed by Judge Menashi, "[c]ourts should be reluctant to tamper with the enforcement scheme embodied in the statute by extending remedies not specifically authorized by its text … and the notion that Cedeno must recover only plan-wide remedies is such an extension." *Id.* at *21 (internal citations and quotations omitted).

Any reliance on *Russell* for a contrary result is misplaced given that the plans at issue in *Cedeno* and here are both defined contribution plans and not defined benefit plans. *Id.* at *8.  Indeed, *LaRue* clarified that the "***references to the 'entire plan' in Russell***, which accurately reflect the operation of § 409 in the defined benefit context, ***are beside the point in the defined contribution context***." 552 U.S.

---

[2]      As noted by Judge Menashi, "the dissenters in *Thole* argued that plan participants should be able to maintain a 'representational suit' to 'sue on their plan's behalf.' … But that view did not prevail." 2024 WL 1895053, at *20, n.5 (Menashi, J., dissenting) (citing *Thole*, 590 U.S. at 564-65) (Sotomayor, J., dissenting)).

at 256 (emphasis added); *see also* 2024 WL 1895053, at *15 (Menashi, J., dissenting).  The "entire plan" language in *Russell* made sense in the defined benefit plan context because an individual's fixed retirement payment under a defined benefit plan is not affected by misconduct unless the misconduct impacts the potential for default of the entire plan.  2024 WL 1895053, at *22 (Menashi, J., dissenting).

In the defined contribution plan context, however, emphasis on injury to the "entire plan" is "beside the point" because "fiduciary misconduct need not threaten the solvency of the entire plan to reduce benefits below the amount that participants would otherwise receive."  *LaRue*, 552 U.S., at 255-56; *see also id.* at 256 (*Russell*'s "entire plan" language "appears nowhere in § 409 or § 502(a)(2)" and "does not apply to defined contribution plans").  The fact that the 401(k) Plan at issue here did not suffer a uniform injury across all of the participants' individual Plan accounts is exactly why *Russell's* "entire plan" language does not apply to defined contribution plans. *See, e.g*., 2024 WL 1895053 at *22 (Menashi, J., dissenting) (discussing the different nature of the injuries in *Russell*, which concerned a "common interest shared by all four classes [of plaintiffs named in Section 502(a)(2)] … in the financial integrity of the plan," and *LaRue*, which concerned an individual injury to an individual plan account associated with the plan's improper delay in processing the plaintiff's claim and paying her benefits).

8

As explained by Judge Menashi, the "effective vindication" exception to the Federal Arbitration Act is not implicated here. 2024 WL 1895053 at *19 (Menashi, J., dissenting). "A participant in a defined-contribution pension plan … may proceed under Sections 502(a)(2) and 409(a) to seek relief that benefits only his or individual account within the plan. Requiring [a participant] to pursue relief in an arbitral forum does not alter that substantive right." *Id.*

Moreover, and as noted by Judge Menashi, even if the court were to find that a plaintiff-participant proceeding under Section 502(a)(2) is a representative of the plan (and, as mentioned before, the participant cannot be because the plan has no right to bring a Section 502(a)(2) claim), refusing to compel individual arbitration would still be improper because the substantive rights at issue are not the participant's substantive rights. *Id.* at *24. They are the plan's substantive rights and, as such, the effective vindication exception cannot be used to preclude a requirement that the participant arbitrate his substantive rights in arbitration. *Id.*

The fact that a plan participant is pursuing an ERISA § 502(a)(2) claim on behalf of his or her individual plan account (and not as an agent of the plan/principal) is one of the reasons that plan participants are required to go through Rule 23 or another procedural mechanism to represent the financial interests of absent plan participants. As explained by Judge Menashi, allowing a participant "to proceed in a 'representative capacity' [effectively] authorize[s] an *ersatz* class action that lacks

9

the 'procedural safeguards' we would require if [the participant] were proceeding under Rule 23." *Id*. at *22. "Because a plan participant proceeds under Section 502(a)(2) in an individual capacity [on behalf of his individual plan account], his claim can be aggregated with similar actions by other individual plan participants under Rule 23." *Id*. at *23.

Neither the Second Circuit in *Cedeno* nor the circuit courts in the Third, Seventh, and Tenth Circuits grappled with the due process concerns raised by their holdings. Perhaps this was due to the fact that there was only a single, uniform injury alleged in each of those cases. The fact that the Amended Complaint here alleges multiple types of injuries occurring over the course of a six-year period presents potential intra-class conflicts and questions over which participants would be bound by a settlement or judgment cannot be ignored as it was in *Cedeno* and the decisions on which it relies. The Class Action Waiver here protects the due process rights of absent plan participants and preserves their right to bring their claim on behalf of their individual plan accounts.

Where, as the dissent found in *Cedeno* and which Defendants believe is the case here,

> [an] arbitration agreement preserves [a participant's] right to pursue his individual claim, [] he must pursue it in the arbitral forum. ERISA does not authorize a 'representative capacity' action that allows Cedeno [or any other plan participant] to avoid both the requirements of Rule 23 and his own agreement to arbitrate his claim.

10

*Id.* at *23 (Menashi, J., dissenting).


Respectfully submitted,

*/s/ Todd D. Wozniak*

Todd D. Wozniak  (counsel of record)
**HOLLAND & KNIGHT LLP**
1180 West Peachtree Street NW,
Suite 1800
Atlanta, GA 30309
404-817-8431
todd.wozniak@hklaw.com

Lindsey R. Camp
**HOLLAND & KNIGHT LLP**
777 S. Flagler Dr.,
West Tower, Suite 1900
West Palm Beach, FL 33401
404-817-8439
lindsey.camp@hklaw.com


*Counsel for Defendants-Appellants
Tenneco Inc., DRiV Automotive Inc.,
Tenneco Automotive Operating
Company Inc., Tenneco Benefits
Committee, Federal-Mogul
Corporation, Federal-Mogul LLC,
Federal-Mogul Powertrain LLC,
Tenneco & Pension Investment
Committee*

11

## CERTIFICATE OF COMPLIANCE

This Supplemental Brief complies with the Court's directive in its May 3, 2024 letter (ECF No. 52) because it contains 2,520 words, and thus does not exceed 2,600 words.

*/s/ Todd D. Wozniak*
Todd D. Wozniak

*Counsel for Defendants-Appellants*

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that the foregoing document has been served via the Court's ECF filing system in compliance with Rule 25(b) and (c) of the Federal Rules of Appellate Procedure, on May 13, 2024 on all registered counsel of record, and has been transmitted to the Clerk of the Court.

*/s/ Todd D. Wozniak*
Todd D. Wozniak

*Counsel for Defendants-Appellants*

13