No. 23-1857

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

_____

Tanika Parker, *et al.*,

Plaintiffs-Appellees,

v.

Tenneco, Inc., *et al.*,

Defendants-Appellants.

_____

On Appeal from the United States District Court for the
Eastern District of Michigan
Case No. 23-10816
The Honorable Judge George Caram Steeh

_____

**SUPPLEMENTAL BRIEF FOR THE U.S. SECRETARY OF
LABOR AS AMICUS CURIAE SUPPORTING PLAINTIFFS-
APPELLEES**

SEEMA NANDA
Solicitor of Labor

WAYNE R. BERRY
Associate Solicitor
for Plan Benefits Security

JEFFREY M. HAHN
Counsel for Appellate and
Special Litigation

Sarah M. Karchunas
Trial Attorney

U.S. Department of Labor
Office of the Solicitor
Plan Benefits Security Division
200 Constitution Ave. NW, N4611
Washington, DC 20210
202.693.5411 (t) | 202.693.5610 (f)

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

ARGUMENT ................................................................................................. 1

   I.   *Cedeno* is the Fourth Appellate Court Decision to Conclude that an Arbitration Agreement May Not Prospectively Waive a Participant's Right Under ERISA to Seek Plan-wide Relief ............... 2

   II.   The *Cedeno* Dissent's Arguments are Unpersuasive and Foreclosed by Supreme Court and Sixth Circuit Precedent ................. 4

     A.  The Supreme Court has recognized—and the Sixth Circuit has applied—the effective vindication doctrine ........................................... 5

     B.  Section 502(a)(2) claims are inherently representative claims brought on behalf of the plan .................................................................. 6

CONCLUSION ............................................................................................ 11

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases:**

*14 Penn Plaza LLC v. Pyett,*
   556 U.S. 247 (2009) ..................................................................5

*Am. Exp. Co. v. Italian Colors Rest.,*
   570 U.S. 228 (2013) .............................................................5, 10

*Cedeno v. Sasson,*
   --- F.4th --- , 2024 WL 1895053 (2d Cir. May 1, 2024) ................ passim

*Coan v. Kaufman,*
   457 F.3d 250 (2d Cir. 2006)......................................................10

*Green Tree Fin. Corp.-Alabama v. Randolph,*
   531 U.S. 79 (2000) .....................................................................5

*Harrison v. Envision Mgmt. Holding, Inc. Bd. of Dirs.,*
   59 F.4th 1090 (10th Cir. 2023)............................................1, 3, 4

*Hawkins v. Cintas Corp.,*
   32 F.4th 625 (6th Cir. 2022)...........................................7, 8, 10

*Henry v. Wilmington Tr. NA,*
   72 F.4th 499 (3d Cir. 2023) ...............................................1, 3, 4

*LaRue v. DeWolff, Boberg & Assocs., Inc.,*
   552 U.S. 248 (2008) .............................................................. passim

*Mass. Mut. Life Ins. Co. v. Russell,*
   473 U.S. 134 (1985) ...................................................................3

*McMullen v. Meijer, Inc.,*
   355 F.3d 485 (6th Cir. 2004) ....................................................5

**Federal Cases (continued):**

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
  473 U.S. 614 (1985) .......................................................................5

*Morrison v. Cir. City Stores, Inc.*,
  317 F.3d 646 (6th Cir. 2003) ......................................................5

*Smith v. Bd. of Dirs. of Triad Mfg., Inc.*,
  13 F.4th 613 (7th Cir. 2021) ....................................................1,3

*Thole v. U.S. Bank, N.A.*,
  140 S. Ct. 1615 (2020) .........................................................10, 11

*Viking River Cruises, Inc. v. Moriana*,
  142 S. Ct. 1906 (2022) ...............................................................5, 9

**Federal Statutes:**

Section 409(a) 29 U.S.C. § 1109(a).......................................3 ,8

Section 502 (a)(2) 29 U.S.C. § 1132(a)(2)........................ passim

## ARGUMENT

The Second Circuit's recent decision in *Cedeno v. Sasson* is just the latest in a series of four circuit court decisions holding that provisions precluding ERISA-plan participants from pursuing in arbitration plan-wide relief for fiduciary breaches are unenforceable prospective waivers of participants' statutory rights. *Cedeno v. Sasson*, ---F.4th---, 2024 WL 1895053 (2d Cir. May 1, 2024); *see also Henry v. Wilmington Tr. NA*, 72 F.4th 499, 507 (3d Cir. 2023); *Harrison v. Envision Mgmt. Holding, Inc. Bd. of Dirs.*, 59 F.4th 1090, 1107 (10th Cir. 2023); *Smith v. Bd. of Dirs. of Triad Mfg., Inc.*, 13 F.4th 613, 621 (7th Cir. 2021). Because the provision at issue in *Cedeno* is materially identical to the (non-severable) one at issue here, *Cedeno* provides only further reason to affirm the district court's refusal to compel arbitration. The arguments raised by the dissent in *Cedeno* are unpersuasive and foreclosed by both Supreme Court and Sixth Circuit precedent, and if adopted would create a direct split with four circuits.

I.  ***Cedeno* is the Fourth Appellate Court Decision to Conclude that an Arbitration Agreement May Not Prospectively Waive a Participant's Right Under ERISA to Seek Plan-wide Relief**

The decision in *Cedeno v. Sasson* is on all fours with this case and only further supports affirmance. In *Cedeno,* the Second Circuit held that an arbitration provision precluding representative actions and limiting participants to individualized monetary relief—a provision almost identical to the one in this case[1]—was unenforceable. The Second Circuit held that "[b]ecause Cedeno's avenue for relief under ERISA is to seek a plan-wide remedy, and the specific terms of the arbitration agreement seek to prevent Cedeno from doing so, the agreement is unenforceable." *Cedeno*, 2024 WL 1895053 at *5. Relying on the Supreme Court's

---

[1] *Compare* Opinion and Order, RE 22, PageID # 481 ("All Covered Claims must be brought solely in the Claimant's individual capacity and not in a representative capacity or on a class, collective, or group basis. Each arbitration shall be limited solely to one Claimant's Covered Claims and that Claimant may not seek or receive any remedy which has the purpose or effect of providing additional benefits or monetary relief" to anyone other than the Claimant) *with Cedeno,* 2024 WL 1895053 at *3 ("All Covered Claims must be brought solely in the Claimant's individual capacity and not in a representative capacity or on a class, collective, or group basis. Each arbitration shall be limited solely to one Claimant's Covered Claims and that Claimant may not seek or receive any remedy that has the purpose or effect of providing additional benefits or monetary or other relief" to anyone other than the Claimant).

2

decisions in *Russell* and *LaRue*, the Second Circuit reasoned that section 502(a)(2) "provides a remedy only for injuries to *the plan*" and therefore, "if [the provisions in the arbitration agreement] prevent Cedeno from pursuing the statutory plan-wide remedies available under Section 502(a)(2), then they effectively prevent him from vindicating his substantive statutory rights under Section 409(a) and remedies under Section 502(a)(2)." *Id.* at \*10*; see Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985); *LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248 (2008). The Second Circuit concluded that its holding was "bolstered by three decisions from our sister circuits" in *Henry, Harrison*, and *Smith*, and that "two of those cases" (*Henry* and *Harrison*) "involved language nearly identical to the contested arbitration provisions here." *Cedeno*, 2024 WL 1895053 at \*15.

In addition, the sole basis upon which Appellants wrongly sought to distinguish *Henry* and *Harrison* in briefing before this Court—that the decisions supposedly turned only on a waiver of plan-wide injunctive relief and not plan-wide monetary relief—is equally inapplicable to *Cedeno. See* Appellants' Br. at 50–51. Like the provisions at issue in *Henry* and *Harrison*, the provision in *Cedeno* explicitly prohibited

participants from seeking plan-wide monetary relief. *See Cedeno,* 2024 WL 1895053 at *3. And just like the Third and Tenth Circuits, the Second Circuit explicitly found that the prohibition on plan-wide monetary relief—a prohibition shared by the Representative Action Waiver here—was itself unenforceable under the effective vindication doctrine. *Id.* at *10 (including the section of the arbitration agreement that "limits a claimant's remedy to recovering for the alleged losses *to the claimant's accounts*" in a list of "restrictions [that] effectively preclude Cedeno from pursuing the remedies available to him under Section 502(a)(2)"); *see also Harrison*, 59 F.4th at 1106–07; *Henry*, 72 F.4th at 507.

## II.  The *Cedeno* Dissent's Arguments are Unpersuasive and Foreclosed by Supreme Court and Sixth Circuit Precedent

Judge Menashi's dissent in *Cedeno* rests on two central pillars: First, that the effective vindication doctrine is somehow legally tenuous, and second, that claims under ERISA section 502(a)(2) are in any case not representative in nature. Both are directly foreclosed by Supreme Court and Sixth Circuit precedent.

**A.    The Supreme Court has recognized—and the Sixth Circuit has applied—the effective vindication doctrine**

The *Cedeno* dissent first argues that "the effective vindication exception is a questionable principle of uncertain legal status," *Cedeno*, 2024 WL 1895053 at \*19, despite the fact that the Supreme Court has repeatedly recognized the doctrine (most recently in 2022). *See e.g. Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906, 1919 (2022); *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 235–36 (2013); *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 273–74 (2009); *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 90 (2000); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985). And this Court not only has recognized the effective vindication doctrine, but directly *applied* it to invalidate a provision stripping plaintiffs of their substantive statutory rights under federal law. *McMullen v. Meijer, Inc.*, 355 F.3d 485, 492–94 (6th Cir. 2004) (per curiam); *see also Morrison v. Cir. City Stores, Inc.*, 317 F.3d 646, 658 (6th Cir. 2003) ("The Supreme Court has made clear that statutory rights . . . may be subject to mandatory arbitration only if the arbitral forum permits the effective vindication of those rights."). Whether the effective vindication doctrine exists has thus already been answered by this Court.

The *Cedeno* dissent also insists that if an arbitration provision is deemed unenforceable for waiving a statutory right, that must mean the statute conferring that statutory right (here, ERISA) conflicts with the FAA. *Cedeno*, 2024 WL 1895053 at *18, n.2. But the fact that an agreement contains provisions prospectively waiving statutory rights and remedies, thus rendering those particular provisions unenforceable, does not mean the statute precludes arbitration and thereby conflicts with the FAA. Indeed, the Second Circuit in *Cedeno* made clear that it "has long held that ERISA claims for breach of fiduciary may be remanded to arbitration." *Id.* at *5, n.3. The reason it affirmed the district court's denial of arbitration, then, was not due to a conflict between ERISA and the FAA, but rather because the plan itself (as in this case) provided that the unenforceable provisions were not severable from the broader arbitration agreement. *Id.* at *17. Any blame for arbitration not proceeding lies with the plan sponsor, not ERISA.

**B.    Section 502(a)(2) claims are inherently representative claims brought on behalf of the plan**

Much of the *Cedeno* dissent's remaining argument can be distilled to the assertion that section 502(a)(2) claims are not representative claims. *See Cedeno*, 2024 WL 1895053 at *21 (Menashi, J., dissenting)

("ERISA does not authorize, much less require, an action in a representative capacity on behalf of the plan."). From that central premise, the dissent reasons that the effective vindication doctrine is not violated so long as plaintiff can obtain the relief necessary to make *himself*—not the Plan—whole. *Id*. at *19, *23. But the notion that section 502(a)(2) claims are not brought in a representative capacity on the plan's behalf—and instead are brought in a participant's individual capacity to redress individual injuries—is directly foreclosed by the Supreme Court's decision in *LaRue* and this Court's decision in *Hawkins*.

The *Cedeno* dissent claims that *LaRue* makes clear "that an ERISA plaintiff sues in his own individual capacity to recover for his own injuries." *Id*. at *21. In fact, the Supreme Court said the exact opposite. It explained that even in the context of defined contribution plans, section "502(a)(2) does not provide a remedy for individual injuries distinct from plan injuries." *LaRue*, 552 U.S. at 256. And it reiterated that even in the context of defined contribution plans, claims under section 502(a)(2) are *never* individual actions, but instead are "actions *on behalf of a plan* to recover for violations of the obligations defined in § 409(a)." *Id*. at 253

(emphasis added); *see also id.* at 263 (Thomas, J., concurring) (explaining that section 502(a)(2) requires defined contribution plan participants to recover losses "on behalf of the plan"). The central point of *LaRue*, then, is simply to clarify that *even where* a breach affects only a single participant's account, a claim under section 502(a)(2) to redress that breach *is still* inherently representative, and the injury *is still* a non-individualized plan injury, thus making it actionable under section 502(a)(2). And if that is true for single-account injuries, it is certainly true where, as here, the breach affects *every* participant's account.

Moreover, this Court has already rejected the *Cedeno* dissent's interpretation of *LaRue*. Just two years ago, this Court made clear that "interpreting the [502(a)(2)] claim as belonging to the individual, rather than the Plan, appears to conflict with *LaRue.*" *Hawkins v. Cintas Corp.*, 32 F.4th 625, 634 (6th Cir. 2022). As the Court explained, "*LaRue* therefore means that . . . § 502(a)(2) authorizes suits on behalf of a defined-contribution plan *even if the harm is inherently individualized.*" *Id.* at 631 (emphasis added). Indeed, this Court repeatedly emphasized that section 502(a)(2) claims—even in the context of a defined contribution plan—are always representative claims brought on behalf

of the plan, and that participants pressing such claims may seek plan-wide relief. *See e.g., id.* at 635 ("Ultimately, the Plaintiffs are seeking Plan-wide relief through a statutory mechanism that is designed for representative actions on behalf of the Plan."). And because both the remedy of plan-wide relief and the ability to proceed in a representative capacity are substantive (not procedural) rights, they cannot be prospectively waived. *Viking River,* 142 S. Ct. at 1922 ("Non-class representative actions in which a single agent litigates on behalf of a single principal are part of the basic architecture of much of *substantive law*.") (emphasis added).

The *Cedeno* dissent also argues that because a participant can seek relief under section 502(a)(2) when only their individual account was harmed, "ERISA does not prevent him from agreeing to arbitrate his claims on an individualized basis." *Cedeno*, 2024 WL 1895053 at *22. For starters, and as explained above, a claim under section 502(a)(2) to redress a breach that affects only a single participant's account is *still* a representative action to vindicate a plan injury. *LaRue*, 552 U.S. at 256. Moreover, where, as here, a breach affects the accounts of *all* participants, it is unlikely a participant would adequately

9

represent the plan by seeking relief only for that participant's own account. But even if participants could theoretically elect to limit the remedies they seek in bringing section 502(a)(2) claims—in effect, to *presentl*y waive the full slate of remedies ERISA authorizes—that does not mean an agreement can *prospectively* waive their substantive right to seek broader plan-wide relief. That is the entire point of the effective vindication doctrine. *Italian Colors*, 570 U.S. at 235–36 (explaining that the doctrine serves to prevent the "*prospective* waiver of a party's right to pursue statutory remedies") (emphasis added).

Finally, the *Cedeno* dissent contends that the Supreme Court, in a case about Article III standing, made clear that "ERISA does not authorize . . . an action in a representative capacity on behalf of the plan," and held that participants "cannot assert standing as representatives of the plan itself but must seek recovery for individual injuries in fact." *Cedeno*, 2024 WL 1895053 at *21 (citing *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1620 (2020)). That misreads *Thole*. The Court did not hold that participants cannot serve as representatives of the plan and thus may recover only for individual injuries. It said the opposite—that plaintiffs must show they suffered an injury in fact *in*

10

*order* to have representative standing, and that because plaintiffs did not suffer any injury, they did not have representative standing. *Thole*, 140 S. Ct. at 1620; *see also Cedeno*, 2024 WL 1895053 at *13 ("That an individual must have a personal stake in the relief sought on behalf of the plan to have Article III standing for a suit under Section 502(a)(2) does not mean the plaintiff therefore litigates in an individual capacity to recover for the plaintiff's own individual injuries rather than in a representative capacity to secure relief for the plan.").

## CONCLUSION

For all these reasons, the Secretary respectfully requests that this Court affirm the district court's denial of Defendants' motion to compel arbitration.

Respectfully submitted,


Date: May 13, 2024                    SEEMA NANDA
                                      Solicitor of Labor

                                      WAYNE R. BERRY
                                      Associate Solicitor
                                       for Plan Benefits Security

                                      JEFFREY M. HAHN
                                      Counsel for Appellate and Special
                                       Litigation

                                      /s/ Sarah M. Karchunas
                                      SARAH M. KARCHUNAS
                                      Trial Attorney

                                      U.S. Department of Labor
                                      Office of the Solicitor
                                      Plan Benefits Security Division
                                      200 Constitution Ave. NW, N4611
                                      Washington, DC 20210
                                      202.693.5411 (t) | 202.693.5610 (f)


12

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure 29(a)(5), 32(a)(5)–(6), and 32(a)(7)(B), I certify that this supplemental brief uses a 14-point proportionally spaced typeface font (Century Schoolbook) and contains 2,182 words.

/s/ Sarah M. Karchunas
Sarah M. Karchunas
Trial Attorney

Date: May 13, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on this day, May 13, 2024, I electronically filed the foregoing supplemental brief with the Clerk of the Court for the U.S. Court of Appeals for the Sixth Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Sarah M. Karchunas
Sarah M. Karchunas
Trial Attorney